IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                                                      PLAINTIFF

v.                     Civil No. 08-5105

DEPUTY ROBBINS, Benton County
Detention Center; DEPUTY CARLTON,
Benton County Detention Center;
DEPUTY LOWTHER, Benton County
Detention Center; SHERIFF KEITH
FERGUSON, Benton County, Arkansas;
CAPTAIN HUNTER PETRAY, Jail
Administrator, Benton County Detention
Center; LT. CARTER, Benton
County Detention Center; and
ARAMARK CORRECTIONAL
SERVICES, LLC                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This civil rights action was filed by the plaintiff, Michael Shane Wilmoth (hereinafter Wilmoth), pursuant to the provisions of 42 U.S.C. § 1983. Wilmoth proceeds *pro se* and *in forma pauperis*. Currently before the undersigned for report and recommendation is the motion to dismiss (Doc. 49) filed by Aramark Correctional Services, LLC.

**Background**

When he filed this case, Wilmoth was incarcerated in the Benton County Detention Center (BCDC). In his original complaint, Wilmoth alleged his constitutional rights were being violated in the following ways: (1) he was being denied access to the law library; (2) he did not receive timely responses to his grievances; (3) Deputy Carlton on several different occasions

-1-

threatened him with bodily harm for filing grievances and improperly strip searched him; (4) Sheriff Ferguson, Captain Petray, and Lt. Carter failed to provide him with a safe environment; (5) Deputy Lowther and Deputy Carlton allowed him to remain in a cell with raw sewage all over the floors and walls for a considerable length of time on March 2, 2008; (6) Deputy Carlton and Sgt. Robbins read his legal mail and then Deputy Carlton, Deputy Lowther and Sgt. Robbins took all his legal work and he did not receive it back for five days and even then part of it was missing; and (7) he had not been given outdoor recreation since January 9, 2006.

Wilmoth filed a supplement to his complaint on June 13, 2008 (Doc. 6). The supplement contains, among other things, grievances addressing various topics. One grievances is dated April 21, 2008. The nature of the complaint is spoiled beans. It states the beans are spoiled and not eatable and something needs to be done about it. *Id.* at page 6. In response, Captain Petray states he will check with the kitchen. *Id.* The next page of the supplement is a page indicating that Wilmoth wants to name the Benton County Kitchen Staff as a defendant but the Sheriff's Office will not provide the name of the kitchen staff. *Id.* at page 7. Page nine of the supplement is a medical request indicating the nature of the complaint is food poisoning. *Id.* at page 9. Wilmoth states he was given spoiled beans on April 21st and is now vomiting and having "stomach cramps" and "the runs." *Id.* He said he was really sick. *Id.* Page ten of the supplement is a grievance listing the nature of the complaint as: "food poison–spoiled beans." *Id.* at page 10.

The supplement also includes a grievance dated April 23, 2008, in which Wilmoth states that both of his boiled eggs were raw. (Doc. 6) at page 12. He states this is the second time that week there was something wrong with his food and he was given nothing to replace it. *Id.* He

AO72A
(Rev. 8/82)

asserted he was not getting 2300 calories due to the bad food. *Id.* In response, Captain Petray wrote that he had talked to the kitchen. *Id.*

Page fourteen of the supplement is entitled "statement of claim" and sets forth Wilmoth's allegations regarding the April 21st incident with the "spoiled beans" and the April 23rd incident with the "raw eggs." Wilmoth denies he received an adequate diet, asserts he has lost a lot of weight since coming to the BCDC, and states his health has been declining because of the meals at the BCDC.

Wilmoth filed a second supplement to his complaint on July 24, 2008 (Doc. 15). This supplement also contains one document addressing Wilmoth's claim he was not receiving adequate nutrition. *See* (Doc. 15) at page 4 (grievance–lost almost 20 pounds).

## Discussion

Aramark Correctional Services has now moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff proceeds *pro se*. The court should not dismiss a pro se complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir. 1986)(citations omitted). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. *See e.g., Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)(prisoners have a right to nutritionally adequate food); *Campbell v. Cauthron*, 623 F.2d

503, 508 (8th Cir. 1980)(prisoners are guaranteed a reasonably adequate diet). To prevail on an Eighth Amendment claim Wilmoth must show the defendants were deliberately indifferent to his dietary needs. *Wishon v. Gammon*, 978 F.2d 446 (8th Cir. 1992).

Taking Wilmoth's allegations as true as we must for purposes of this motion, we cannot say Wilmoth has failed to state a claim upon which relief can be granted. Wilmoth has alleged he received an inadequate and unhealthy diet. He asserts he lost a significant amount of weight as a result and the his health declined as a result of the diet he received. On at least one occasion, Wilmoth asserts he became physically ill because he was given spoiled food.

## Conclusion

I therefore recommend that the motion to dismiss (Doc. 49) filed by Aramark Correctional Services, LLC be denied.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of November 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE